PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD TISDALE, | ) | |
| | ) | CASE NO. 4:17CV0530 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ELKTON FEDERAL CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

*Pro Se* Petitioner Richard Tisdale filed this action which he titles as a Petition for a Writ of Mandamus. The Petition (ECF No. 1) lists various seemingly unrelated legal citations, which appear at best to challenge his conviction, *United States v. Tisdale*, No. 1:04CR0610-1 (N.D. Ohio Dec. 22, 2005) (Dowd, J.), and the forfeiture of money held by Huntington National Bank, that was applied toward his ordered restitution, *United State of America v. Contents [$36,784.66] of Huntington National Bank business checking account number 01661725024*, No. 1:04CV0904 (N.D. Ohio Jan. 6, 2006) (Nugent, J.). He asks the Court to order the administration at the Elkton Federal Correctional Institution ("FCI Elkton") to secure legal research materials or provide him with a hearing so he can present evidence to the judicial branch.

## I. Background

The Petition (ECF No. 1) does not present a clear request for mandamus relief. Petitioner lists 14 different assertions. First, he states he was one of the first Americans to receive a

(4:17CV0530)

National Security Letter, and cites *Jones v. U.S. Drug Enforcement Admin.*, 819 F.Supp. 698, (M.D. Tenn. April 21, 1993), a district court case discussing search and seizure. ECF No. 1 at PageID #: 6. Second, he states he has a case in controversy because he has a right to a trial and appeal process. ECF No. 1 at PageID #: 6. Third, he contends Indiana police did not meet the prerequisite interstate element to show property came from a particular store. ECF No. 1 at PageID #: 6-7. Fourth, he indicates the officer gave the store manager the scanned property destroying his access to the evidence, which he claims denied his First Amendment right to "back and forth dialogue." ECF No. 1 at PageID #: 7. Fifth, he claims that because he did not have the opportunity to review the products sent to the U.S. Attorney from Indianapolis prior to a court proceeding, the U.S. Attorney withheld *Brady*[1] evidence under the new "Due Diligence Rule." ECF No. 1 at PageID #: 7. Sixth, he cites *David Nevin et al., The USA Patriot Act: Time to Speak Up*, Advoc.: Official Publication Idaho St. B., Dec. 2003, 46-DEC Advocate (Idaho) 19, an article on the Patriot Act. ECF No. 1 at PageID #: 8. Seventh, he states that the National Security Letter chilled his First Amendment rights because it limited back and forth dialogue in the adversarial process. He appears to argue his criminal defense attorneys were not certified in complex civil litigation. ECF No. 1 at PageID #: 8-9. Eighth, Petitioner includes a paragraph he entitles "Self-Representation." This section does not have anything to do with self-representation but instead concerns a legal argument he wanted his court-appointed attorney to read in a summary judgment motion filed in a case he does not specify. ECF No. 1 at PageID #: 9. Ninth, Petitioner refers to a publication called "People for the American Way," which challenges the Patriot Act. ECF No. 1 at PageID #: 9-10. Tenth, he states FBI agents from Indianapolis drove

_____

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

to Ohio to view electronic images at Huntington National Bank. Petitioner claims they needed to complete a Title III application before viewing these materials. He requested the application through the Freedom of Information Act, but did not receive it. ECF No. 1 at PageID #: 10. Eleventh, he again complains that his criminal defense attorney was not certified in complex civil litigation and states modern constitutional law requires the government to obtain a subpoena or National Security Letter unless there is an important government issue. ECF No. 1 at PageID #: 10. Twelfth, he complains the government used data mining. ECF No. 1 at PageID #: 11. Thirteenth, Petitioner asserts an extraordinary writ is necessary because he mailed three motions to the Sixth Circuit in July 2006 and none of his motions was filed. ECF No. 1 at PageID #: 11. Finally, Petitioner alleges the FBI used his private bank information to prosecute him. He contends this was fraudulent. ECF No. 1 at PageID #: 12-13. Based on these assertions, Petitioner asks the Court to order FCI Elkton officials to secure legal research for him or to provide him with a hearing where he can present evidence.

## II. Law and Analysis

"[C]ourts of the United States have the inherent and statutory (28 U.S.C. § 1651) power and authority to enter such orders as may be necessary to enforce and effectuate their lawful orders and judgments, and to prevent them from being thwarted and interfered with by force, guile, or otherwise." *Hill v. U.S. Dist. Court N. Dist. of Ohio*, No. 3:13CV2119, 2014 WL 198800, at *3 (N.D. Ohio Jan. 15, 2014) (quoting *Mississippi Valley Barge Line Co. v. United States*, 273 F. Supp. 1, 6 (E.D. Mo. 1967) (three-judge panel), *aff'd*, 389 U.S. 579 (1968)). It provides a means for the Court to adjudicate issues over which it otherwise enjoys subject-matter jurisdiction. *Id.* The Act does not create an independent source of federal jurisdiction. *Syngenta*

*Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31, 33 (2002) (quoting 28 U.S.C. § 1651(a) and declaring the All Writs Act does not establish the original jurisdiction to support removal jurisdiction).

Here, Petitioner is attacking his 2005 federal conviction.  He, however,  has failed to establish an independent basis for the Court's jurisdiction beyond his request for mandamus relief.  When a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus. . . ."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Section 2255 is the avenue for relief for federal prisoners to challenge their conviction or sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served."  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Because Petitioner is attacking his conviction, he would have to proceed under § 2255.[2]  A Petition for a Writ of Mandamus is not a substitute or an alternative to a § 2255 Motion.  Petitioner has not specifically asserted the Court's jurisdiction pursuant to § 2255, and the Court declines to construe the Petition (ECF No. 1) under that statute.  *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) (citing *Adams v. United States*, 155 F.3d 582, 584 (2nd Cir. 1998)).  In addition, FCI Elkton officials have no legal obligation or authority to conduct a criminal evidentiary hearing and overturn Petitioner's conviction.  Without setting forth an independent basis for the Court's

---

[2]  The remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because he is procedurally barred from pursuing relief under § 2255, because he has been denied permission to file a second or successive motion to vacate, or because the § 2255 claim is time-barred. *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999).

subject-matter jurisdiction, and naming a respondent who is authorized to implement the relief

requested, the Petition for a Writ of Mandamus (ECF No. 1) cannot proceed.  *See, e.g. Steel Co.*

*v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court

cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to

exist, the only function remaining to the court is that of announcing the fact and dismissing the

cause.") (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

## IV.  Conclusion

Accordingly, the Petition for a Writ of Mandamus (ECF No. 1) is denied and this action

is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith.


IT IS SO ORDERED.


 June 30, 2017                              */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                             United States District Judge